# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHAUNCEY ZIGLAR,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-570**    (Cir. Ct. of Kanawha Cnty. Case No. CC-20-2023-C-207)

**DIANN SKILES and WEST VIRGINIA DIVISION**
**OF CORRECTIONS AND REHABILITATION,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner, Chauncey Ziglar, appeals the Circuit Court of Kanawha County's December 6, 2023, final order dismissing Mr. Ziglar's complaint against Respondents Diann Skiles and the West Virginia Division of Corrections and Rehabilitation ("WVDCR") for failure to state a claim pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure (1998). Ms. Skiles and the WVDCR filed a response.[1] Mr. Ziglar filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August 2015, Mr. Ziglar was sentenced to a term of incarceration of not less than one (1) nor more than (3) years by the Circuit Court of Mercer County, West Virginia. The circuit court ordered that Mr. Ziglar serve this term concurrently with a separate Virginia sentence. Mr. Ziglar served all but four months of his West Virginia sentence in a Virginia facility. On January 27, 2017, while still imprisoned in Virginia, Mr. Ziglar was discharged from his West Virginia sentence. On January 31, 2017, Ms. Skiles and the WVDCR notified the Virginia facility of Mr. Ziglar's West Virginia discharge. Ms. Skiles enclosed an official certificate of discharge with the letter.

On March 8, 2021, more than four years after being discharged from his West Virginia sentence, the Circuit Court of Mercer County entered an order awarding Mr. Ziglar 104 days credit for time Mr. Ziglar served in North Carolina prior to receiving his

---

[1] Mr. Ziglar is represented by Paul M. Stroebel, Esq. Ms. Skiles and the WVDCR are represented by John P. Fuller, Esq., and Kristen V. Hammond, Esq.

West Virginia sentence.[2] The order directed the circuit court clerk to forward a copy of the order to the proper authorities at the WVDCR, to Mr. Ziglar, to Mr. Ziglar's attorney, and to the Mercer County prosecuting attorney. The order, however, did not direct Ms. Skiles and the WVDCR to recalculate Mr. Ziglar's West Virginia sentence or his discharge date and did not direct they take any other action.

Mr. Ziglar personally sent a copy of the order to Ms. Skiles, accompanied by a letter requesting that the WVDCR notify the department of corrections in Virginia that 104 days should come off his Virginia sentence. Despite allegedly sending approximately eight letters to Ms. Skiles asking her to recalculate his West Virginia discharge date, Ms. Skiles and the WVDCR did not take any further action. Without the 104 days credit, Mr. Ziglar remained incarcerated in Virginia until the Virginia sentence was discharged in August 2022.

On March 8, 2023, Mr. Ziglar filed the underlying case against Ms. Skiles and the WVDCR in the Circuit Court of Kanawha County asserting violations under 42 U.S.C. § 1983 (1996), breach of ministerial duty, and gross negligence/reckless conduct. Mr. Ziglar claimed that the failure to recalculate his sentence caused him to be incarcerated in Virginia 104 days longer than he should have been.[3] The case was removed to the United States District Court, Southern District of West Virginia on April 7, 2023. On August 29, 2023, the District Court dismissed Mr. Ziglar's 42 U.S.C. § 1983 claims and remanded the case back to the circuit court to address the remaining state law claims. Upon remand, Ms. Skiles and the WVDCR filed a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure asserting: (1) they had no affirmative duty to recalculate Mr. Ziglar's West Virginia sentence; and (2) that even if such a duty existed, their conduct was discretionary and protected by qualified immunity. On December 6, 2023, the circuit court dismissed the remaining counts of Mr. Ziglar's complaint based on qualified immunity, making the following pertinent determinations:

> 10.    In the instant action, the Plaintiff has failed to establish what duty, if any, these Defendants had to a former inmate over four (4) years after he discharged his West Virginia sentence. However, even assuming these Defendants owed some duty to the Plaintiff, upon receipt of Judge Swope's March 8, 2021, Order, which did not specifically direct them to do anything,

---

[2] The legal basis for the West Virginia circuit court's award of credit for time served four years after Mr. Ziglar's West Virginia sentence was discharged is not clear from the record.

[3] Mr. Ziglar indicates that he may be entitled up to 208 total days of credit if good time is added. However, there is nothing in the record establishing his entitlement to an additional 104 days in good time credit in either Virginia or West Virginia.

2

they would have had discretion with regard to the decisions they made and actions they took.

*\*\**

12.     In the instant matter, the Defendants were presented with an Order granting additional credit for time served to an individual that had discharged his West Virginia sentence more than four (4) years prior to the entry of the order. Additionally, these Defendants were aware that Judge Swope had previously ordered that the Plaintiff's West Virginia sentence was to be served concurrent with any sentence imposed by the Commonwealth of West [sic] Virginia. Judge Swope's Order of March 8, 2021, did not direct these Defendant [sic] to do anything. Finally, these Defendants did not have knowledge, or reason to believe, that the Commonwealth of Virginia had failed to give Judge Swope's Order full faith and credit and, instead, had run the Virginia sentence consecutively to the West Virginia sentence.

*\*\**

14.     To defeat qualified immunity in the instant action, the Plaintiff would have to prove that these Defendants were violating any known law, rule, regulation or standard or acting maliciously, fraudulently, or oppressively. As Judge Swope clearly ordered that the sentence he imposed was to run concurrently to any sentence for the Virginia charges, the Defendants cannot be said to have acted maliciously, fraudulently or oppressively. As the Plaintiff has failed to demonstrate that the Defendants allegedly violated any known law, rule, regulation or standard, they are entitled to qualified immunity.

Mr. Ziglar appeals the December 6, 2023, order granting Ms. Skiles' and the WVDCR's motion to dismiss. As long held by the Supreme Court of Appeals of West Virginia ("SCAWV"), we review orders granting motions to dismiss de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). With respect to immunity claims, the SCAWV has found that

[t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition.

3

Syl. Pt. 1, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996). Here, we find that the foundational facts underlying the circuit court's immunity determination are not in dispute and therefore, questions of qualified immunity are ripe for summary disposition.

On appeal, Mr. Ziglar asserts five interrelated assignments of error that we will address together. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n. 2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues). Mr. Ziglar argues that Ms. Skiles and the WVDCR owed a duty to recalculate Mr. Ziglar's West Virginia sentence after receiving the March 8, 2021, order and Mr. Ziglar's requests to recalculate. Mr. Ziglar argues that the duty was ministerial and not discretionary because Ms. Skiles and the WVDCR had no authority to ignore the March 8, 2021, order and because discharging a prisoner when their sentence is concluded is a well-established legal requirement. Conversely, Ms. Skiles and the WVDCR argue that there is no affirmative duty to recalculate Mr. Ziglar's West Virginia sentence four years after his West Virginia sentence was discharged and even if such a duty is found, the failure to act was discretionary in nature and protected by qualified immunity. We agree with Ms. Skiles and the WVDCR.

Generally, "[q]ualified immunity is an immunity afforded to government agencies, officials, and/or employees for discretionary activities performed in an official capacity." *Maston v. Wagner*, 236 W. Va. 488, 499, 781 S.E.2d 936, 947 (2015). Under the doctrine of qualified immunity, public officials and employees are immune from liability for acts or omissions arising out of the exercise of discretion in carrying out their duties, so long as they are not violating any known law, rule, regulation, or standard or acting maliciously, fraudulently, or oppressively. *See Parkulo v. W. Va. Bd. of Prob. and Parole*, 199 W. Va. 161, 177-78, 483 S.E.2d 507, 523-24 (1996). Therefore, to defeat a claim of qualified immunity, a plaintiff must show that the public official's duties violated clearly established, and reasonably known legal authority prescribing a duty to act or that the public official was otherwise fraudulent, malicious, or oppressive in their acts or omissions. *See W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 507, 766 S.E.2d 751, 766 (2014). In the absence of such a showing, both the State and its officials are immune from liability. *Id.* at 497, 766 S.E.2d at 756, Syl. Pt. 11. Here, we find that Mr. Ziglar has failed to make the required showing of a "clearly established, and reasonably known legal authority prescribing a duty to act" or that the actions or inactions of Ms. Skiles and the WVDCR were "otherwise fraudulent, malicious, or oppressive."

As noted above, the March 8, 2021, order did not direct Ms. Skiles or the WVDCR to recalculate Mr. Ziglar's sentence, to recalculate his discharge date, or to take any other action. Before the circuit court below, and here, Mr. Ziglar failed to show any West

4

Virginia statute, rule, regulation, case, or other legal authority establishing a ministerial duty to recalculate Mr. Ziglar's West Virginia sentence in these circumstances. While we acknowledge Mr. Ziglar's citation to several New York state cases that involve New York specific statutes and circumstances, we note those cases have no precedential effect in West Virginia. Moreover, we note that the Virginia court ordered Mr. Ziglar's West Virginia sentence to run consecutively with his Virginia sentence, instead of concurrently as ordered by the West Virginia sentencing court. Ms. Skiles and the WVDCR were unaware that Mr. Ziglar's Virginia sentence was ordered to run consecutively with the West Virginia sentence, which demonstrates that their decision not to recalculate was reasonable and not fraudulent, malicious, or oppressive.

For the foregoing reasons, we find that Ms. Skiles and the WVDCR are entitled to qualified immunity as to Mr. Ziglar's remaining claims against them. Therefore, we find no error in dismissing Mr. Ziglar's complaint under Rule 12(b)(6).

Accordingly, we affirm the circuit court's dismissal order entered December 6, 2023.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear